584 July 15, 2026 No. 681

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

N. C. H.,
*Petitioner-Appellant,*

*v.*

TYLER LECHNER,
*Respondent-Respondent.*

Marion County Circuit Court
25PO00431; A186660

Courtland Geyer, Judge.

Submitted April 21, 2026.

N. C. H. filed the brief *pro se*.

No appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Petitioner appeals from an order dismissing a restraining order that was issued under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. Petitioner raises three assignments of error. Respondent has not made an appearance on appeal. We affirm for the following reasons.

Petitioner does not request *de novo* review, and this is not an exceptional case that merits exercising our discretion to do so. *See* ORS 19.415(3)(b) (authorizing discretion by this court to review the facts *de novo*); ORAP 5.40(8) (limiting exercise of *de novo* review to exceptional cases). Absent *de novo* review, we review the trial court's conclusions regarding a FAPA order for legal error and are bound by the trial court's express and implied factual findings if they are supported by any evidence in the record. *J. V. B. v. Burns*, 284 Or App 366, 367, 392 P3d 386 (2017).

In her first assignment of error, petitioner argues that the "trial court erred as a matter of law by categorically concluding that respondent's statements encouraging suicide did not constitute 'abuse' under ORS 107.705(1)(b) and by excluding relevant evidence necessary to evaluate the totality of the circumstances as required under ORS 107.716(3)." Specifically, petitioner argues that the trial court improperly focused on whether respondent had made a "direct threat" of harm rather than evaluating how respondent's messages were coercive.

ORS 107.716(3) provides that a trial court may continue a FAPA order if the court finds that abuse has occurred within 180 days of the filing of the petition, the petitioner reasonably fears for their physical safety, and the respondent represents a credible threat to the physical safety of the petitioner. ORS 107.705(1) defines abuse for the purposes of a FAPA order. Under that section and as relevant here, "'abuse' means the occurrence of one or more of the following acts between family or household members: (a) [a]ttempting to cause or intentionally, knowingly or recklessly causing bodily injury" and "(b) [i]ntentionally, knowingly or recklessly placing another in fear of imminent bodily injury."

"Fear is an objective standard that involves considering the totality of the circumstances." *V. S. v. Sterba*, 340 Or App 608, 612, 571 P3d 1117 (2025).

Petitioner characterized the trial court's ruling as "categorical." We do not understand the trial court to have made a categorical ruling. Instead, the trial court determined the messages did not satisfy the definition of abuse. Regardless of how the ruling is characterized, the trial court did not err. We conclude that respondent's text messages to petitioner did not constitute "abuse" under ORS 107.705(1) because they were not attempting to cause or causing bodily injury and they did not place petitioner in fear of imminent bodily injury. Respondent sent petitioner text messages suggesting that petitioner should kill herself. Petitioner argues that the messages continue a pattern of psychological abuse and that, in context, "statements encouraging suicide or wishing death upon someone can reasonably place a vulnerable person in fear for their physical safety." We have considered the messages under the totality of the circumstances and, while we agree that respondent's messages are disturbing, we ultimately agree with the trial court that the messages did not satisfy the definition of abuse under ORS 107.705(1). They did not attempt to cause bodily injury and they would not objectively place another in fear of imminent bodily injury. Therefore, the trial court did not legally err when it determined that petitioner did not prove that she had been the victim of abuse committed by respondent within 180 days before the filing of the FAPA petition.

We also note that the text messages are expressive communications under Article I, section 8, of the Oregon Constitution. Thus, the communications have to satisfy the standard articulated in *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999), to constitute "abuse" under FAPA statute. *See H. L. P. v. Jones*, 309 Or App 108, 114-15, 481 P3d 415 (2021) (evaluating text messages under the *Rangel* framework in the context of a petition for a stalking protective order). Under *Rangel*, a speech-based contact must constitute a "threat." *Id.* at 114. A "threat" under *Rangel* is a "communication that instills in the addressee a fear of imminent and serious personal violence from the speaker,

is unequivocal, and is objectively likely to be followed by unlawful acts." *Id*. (internal quotation marks omitted). Petitioner has not argued on appeal that the messages satisfy the *Rangel* standard.

In her second assignment of error, petitioner argues that the trial court erred by excluding exhibits and evidence regarding whether respondent posed a credible threat to petitioner's physical safety. We reviewed the record, however, and the trial court did not make a ruling that excluded the exhibits and evidence. Petitioner did not offer the documents she now argues on appeal should have been admitted, and thus, the trial court never made a ruling of admissibility regarding those exhibits. Accordingly, there is no trial court ruling for us to review on appeal, and we reject petitioner's second assignment of error.

In her third assignment of error, petitioner argues that the trial court erred in granting respondent's motion to dismiss the FAPA order because the trial court failed to apply the correct legal standard when it concluded that respondent's conduct did not constitute "abuse" under ORS 107.705(1)(b). That assignment presents the same issue and argument that was presented in the first assignment of error—whether petitioner proved that "abuse" occurred under ORS 107.705(1). Therefore, for the same reasons as we explained in the first assignment of error, we conclude that the trial court did not err.

Affirmed.